UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARLA LACARA** | NO. 2:21-CV-2321 |
| **Plaintiff,** | |
| **VERSUS** | |
| **KHOL'S, INC. and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.** | |
| **Defendants.** | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff **DARLA LACARA** a natural person of legal age and majority, domiciled in the Parish of Tangipahoa, State of Louisiana, who respectfully submits this Complaint, representing as follows:

1.

Made Defendants herein are:

a. **KHOL'S, INC.**, upon information and belief, a foreign corporation organized under the laws of the State of Delaware and having its principal business establishment in the State of Wisconsin, which may be served through its registered agent for service of process in the State of Louisiana, Corporate Creations Network, Inc. 1070-B West Causeway Approach Mandeville, Louisiana 70471; and

b. **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,** upon information and belief, a foreign insurance company and corporation organized under the laws of the State of Illinois and having its principal business establishment in the State of Tennessee, which may be served through its registered agent for service of process, the Louisiana Secretary of State, the Honorable R. Kyle Ardoin, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

2.

This Honorable Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. 1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

3.

Venue is appropriate in the Eastern District of Louisiana pursuant to 28 U.S.C. 1391, as a substantial part of the events or omissions giving rise to this action occurred within the territorial limits of this Court.

4.

The Defendants are justly and truly indebted, *in solido*, unto Plaintiff for damages, injuries, and losses that he sustained together with legal interest from date of judicial demand, and all costs of these proceedings, and for general and equitable relief for the following in accordance with La.

C.C. Art. 2315, et seq. and La. C.C. Art. 2317, et seq., *to-wit:*

5.

On or about December 23, 2020, Plaintiff **DARLA LACARA** was visiting the **KHOL'S, INC.** store located at or near 6103 Pinnacle Parkway Covington, Louisiana 70433 at the invitation of Defendant.

6.

Suddenly and without warning, as Plaintiff **DARLA LACARA** walked down an aisle inside the store, an unguarded and exposed display hook on an end of a defective and broken display rack caught the arm of Plaintiff's purse, dragging the display rack on top of Plaintiff, thereby sustaining bodily injuries.

7.

Upon information and belief, Defendant **KHOL's, INC.** and its employees failed to warn Plaintiff and other patrons of the unguarded and explosed display hook and the defective and broken rack in their store.

8.

Plaintiff **DARLA LACARA** contends that the unguarded and exposed display hook and the defective and broken rack constituted unreasonably dangerous condition.

9.

On the date in question, the unreasonably dangerous condition(s) was owned and/or maintained by defendant, **KHOL'S, INC.**

10.

Upon information and belief, Defendant **KHOL'S, INC.** knew, or in the exercise of reasonable care, should have known of the faulty rack which caused bodily injury to Plaintiff.

11.

Plaintiff avers that Defendant, **KHOL'S, INC.** is vicariously liable for the actions, negligence, and fault of its employees directed by **KHOL'S, INC.**, under the theory of *respondeat superior* as codified in LSA-C.C. art. 2320 wherein any employees directed by **KHOL'S, INC.** were working for and within the course and scope of his employment with Defendant, **KHOL'S, INC.**

12.

As a result of the negligence of the Defendant in causing the aforementioned accident, Plaintiff **DARLA LACARA** sustained severe and debilitating bodily injuries to her head, neck, thoracic spine, hip, legs, and other injuries to be shown at the time of trial.

13.

Plaintiff, **DARLA LACARA**, claims the following damages as a result of her accident and injuries:

- A. Physical pain and suffering - past, present and future;
- B. Mental pain, anguish and distress - past, present and future;
- C. Loss of enjoyment of life - past, present and future;
- D. Lost wages - past, present and future;
- E. Disability - past, present and future;
- F. Impairment of earning capacity - past, present and future;
- G. Medical expenses - past, present and future; and
- H. Other elements of damages to be more fully set forth at the trial of this matter.

14.

Plaintiff avers that the unreasonably dangerous condition complained of hereinabove was the actual and proximate cause of the accident and the resulting injuries and damages to Plaintiff.

15.

Plaintiff alleges that the sole and proximate cause of the accident and the Plaintiff's damages was the fault and negligence of **KHOL'S, INC.** which is described in part, but not exclusively, as follows:

- A. In failing to exercise the degree of care that we might reasonably expect of an ordinarily prudent person under the same or similar circumstances;
- B. In failing to warn potential victims of the existence of an unreasonably dangerous condition on its premises;
- C. In failing to correct an unreasonably dangerous condition on its premises;
- D. In failing to properly inspect its premises and merchandising equipment located on the premises;
- E. In failing to repair merchandising equipment located on the premises;
- F. In creating an unreasonably dangerous condition by allowing the exposed and unguarded display hook to remain in the walkway of patrons;

G. In creating an unreasonably dangerous condition by leaving the defective and broken rack in service and in the aisle of the store;

H. In failing to properly maintain its premises in a safe condition for use in a manner consistent with purposes for which premises are intended; and

I. Any and all other acts of negligence, omissions, and/or legal fault that shall be discovered and shown at the time of this trial.

16.

Upon information and belief, all all times relevant, there was in full force and effect a policy of general liability insurance issued by Defendant **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.** to Defendant **KHOL'S, INC.** under the laws of the State of Louisiana, which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269 and provides coverage for the damages claimed herein by Plaintiff.

17.

Plaintiff further alleges on information and belief that under the terms of said policy, **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.**, is obligated *in solido* to pay any and all damages caused to others as a result of the negligence of **KHOL'S, INC.**

**WHEREFORE,** Plaintiff prays that the Defendants be served with a copy of this petition and citation, and after all legal delays and due proceedings had, there be judgment in favor of the Plaintiff, **DARLA LACARA**, and against the Defendants **KHOL'S, INC.** and **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,** jointly, severally, and *in solido*, for damages in an amount that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon from date of judicial demand, until paid, and for all cost of these proceedings, including expert witness fees, and for any and all additional equitable relief which this Honorable Court may deem necessary and proper under the circumstances.

Respectfully Submitted:

**MANSFIELD MELANCON CRANMER & DICK, LLC**

*/s/ Kelley R. Dick, Jr.*
**Kelley R. Dick, Jr. (#36434)**
Brad Cranmer (#36424)
Scott Mansfield (#36563)
Collin Melancon (#36582)
2133 Silverside Drive Suite B
Baton Rouge, Louisiana 70808
Telephone: (225) 385-7894
Facsimile: (225) 385-7806
Email: kelley@mmcdlaw.com