**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DARLA LACARA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-2321** |
| **KOHL'S INC., ET AL** | **SECTION S (2)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that plaintiff's **Motion in Limine** to exclude the testimony

of Dr. Chad Millet, M.D. (Rec. Doc. 24) is **DENIED**.

**BACKGROUND**

Plaintiff has filed suit against Kohl's Inc. ("Kohl's") arguing that she suffered a labral tear

to her hip as a result of an injury she sustained while shopping in a Kohl's department store.

According to plaintiff, she was walking through the store when her purse got caught on a hook

protruding from a shelving unit, which then fell on her, causing her to brace herself against the

rack and twist to push the rack off her body, allegedly causing the tear.

Defendant seeks to admit the expert testimony of Dr. Chad Millet, who will testify that it

is his opinion that plaintiff's injury was not caused by the incident in Kohl's, but that plaintiff's

injury was caused due to "repeated impingements because of the aspherical nature of her femoral

head. This repetitive trauma caused this anterior superior labral tear and was not cause by her fall

at Kohl's department store."[1] Dr. Millet formed his opinion based on a review of plaintiff's

medical records. He did not examine or interview plaintiff.

---

[1] Rec. Doc. 24-4, Millet Report, 3.

Plaintiff now moves to exclude Dr. Millet's testimony under <u>Daubert v. Merrill Dow</u>

<u>Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), arguing that Dr. Millet's methodology is unreliable

because he relied solely upon medical records, and that his opinion is based on the

misconception that plaintiff fell during the accident at Kohl's. Defendant opposes the motion.

**APPLICABLE LAW**

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, "(1)

the testimony [must be] based upon sufficient facts or data, (2) ... the product of reliable

principles and methods, and (3) the witness [must have] applied the principles and methods

reliably to the facts of the case." FED. R. EVID. 702. The reliability inquiry requires the court to

assess whether the reasoning or methodology underlying the expert's testimony is valid. <u>See</u>

<u>Daubert</u>, 509 U.S. at 592-93. The goal is to exclude expert testimony that is based merely on

subjective belief or unsupported speculation. <u>See id.</u> at 590. This rule requires the district court

to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not

only relevant, but reliable." <u>Daubert</u>, 509 U.S. at 589.

However, "as a general rule, questions relating to the bases and sources of an expert's

opinion affect the weight to be assigned that opinion rather than its admissibility and should be

left for the jury's consideration." <u>Primrose Operating Co. v. Nat'l Am. Ins. Co.</u>, 382 F.3d 546,

562 (5th Cir. 2004) (quoting <u>United States v. 14.38 Acres of Land</u>, 80 F.3d 1074, 1077 (5th Cir.

1996)). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the

adversary system: 'Vigorous cross-examination [and] presentation of contrary evidence ... are

the traditional and appropriate means of attacking shaky but admissible evidence." <u>Id.</u> at 1078

2

(citing <u>Daubert</u>, 509 U.S. at 596).

## DISCUSSION

Plaintiff contends that Dr. Millet's opinion was based on insufficient facts because he did not physically examine plaintiff, meet with her to complete a medical history, review images or measurements of the display rack which fell on her, or review her deposition. Plaintiff also contends that Dr. Millet did not know how the accident occurred. Essentially, plaintiff argues that Dr. Millet's opinion is inherently unreliable because it was based solely on his review of her medical records.

However, expert witnesses are permitted to offer opinions "that are not based on firsthand knowledge or observation." <u>Daubert</u>, 509 U.S. at 592. Consistent with that principle, "[n]umerous courts have held that an expert witness need not personally examine a plaintiff in rendering his opinion." <u>Mendoza v. Lafarge N. Am., Inc.</u>, 2016 WL 153952, at *3 (E.D. La. Jan. 13, 2016) (collecting cases). Instead, "review of a plaintiff's medical records, combined with the expert's medical experience, is sufficient to ensure the reliability of that expert's testimony." <u>Gonzales v. Charlotte Pipe & Foundry Co.</u>, 2020 WL 13609936, at *6, <u>report and recommendation adopted</u>, 2020 WL 13610359 (W.D. Tex. July 23, 2020). A medical expert's reliance on "medical records, instead of personally examining [a plaintiff], does not compel the conclusion that his opinion must be excluded; rather, that issue goes to the weight—not the admissibility—of his testimony." <u>Grant v. CRST Expedited, Inc.</u>, 2021 WL 1151560, at *10 (E.D. Tex. Jan. 28, 2021). Accordingly, the court finds that Dr. Millet's methodology – a review of medical records informed by his 30-year experience as a board-certified hip and knee

3

specialist – is not based merely on subjective belief or unsupported speculation. Rather, it is

acceptable and sufficiently reliable to allow him to testify before the jury. Plaintiff's counsel is

free to cross-examine him and the jury will decide what weight to give his opinions.

Plaintiff also contends that Dr. Millet's testimony is was based on the faulty premise that

plaintiff had fallen to the ground during the incident. Plaintiff described her accident as follows:

> Q. So you're walking from the machine towards the aisle, and you said a rack fell. Tell me what happened.
>
> A. So I just did the price checker, so I was just literally walking to the aisle to go -- I was going to buy the underwear so I could leave. And next thing I know, I'm pulled back into the rack. It fell into my right arm. I twisted my left body to push it back up with my left hand back into -- I guess that little -- what it was laying next against. So the hook on it -- when I looked at it, it had a couple of hooks on it -- maybe three or four hooks -- and it had gotten on my purse, and that's how it fell -- it pulled -- it fell into my arm.
>
> Q. So your purse was on your right shoulder?
>
> A. Yes.
>
> Q. And as you walked by the hook, you caught the purse on the protruding hook?
>
> A. Correct.[2]
>
> In describing the accident at the outset of his report, Dr. Millet stated:
>
> This is a records review and report on Darla Lacara. She is a 42-year-old female who was at Kohl's department store in Covington, Louisiana, when she alleges that she sustained a left hip injury on December 23, 2020. She stated that she was walking through the store carrying her purse on her shoulder when the purse got caught on a hook that was protruding from a display rack. She stated that it pulled her backwards causing the rack to fall on her right side. She stated she twisted her

---

[2] Rec. Doc. 24-2, Lacara Depo. 73:18-74:15.

body to the right and used her left hand to push the rack off her body.[3]

Thus, Dr. Millet's understanding of how the accident occurred is entirely consistent with plaintiff's. While it is true that he stated in his deposition that in addition to the foregoing, he assumed plaintiff fell, that does not render his opinion inadmissible. On the surface, it would seem that his assumption that plaintiff suffered additional physical trauma that she did not suffer would make him more likely to ascribe plaintiff's injuries to the Kohl's incident. However, when informed that plaintiff did not fall, Dr. Millett stated it did not affect his causation opinion because he did not base his medical opinion on the fall, but rather believed her injury was caused by a chronic condition, i.e., repeated impingements resulting from her aspherical femoral head.[4] Again, plaintiff's challenge goes to the basis for Dr. Millet's opinion, which "affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." See Primrose Operating Co., 382 F.3d at 562. Thus, the court will allow Dr. Millet's testimony, and plaintiff's counsel may vigorously cross-examine him and present contrary evidence. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion in Limine** to exclude the testimony

---

[3] Rec. Doc. 24-4, Millet Report, 3.

[4] The court also notes that plaintiff's expert has testified that he rendered his opinion without knowing how the incident occurred. Rec. Doc. 29-1, Dr. Rudd Depo., 65:10-13.

of Dr. Chad Millet, M.D. (Rec. Doc. 24) is **DENIED**.

New Orleans, Louisiana, this __25th__ day of August, 2023.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**